IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Patrick Arnold, #1071, ) | |
| ) | C/A No.: 0:06-0176-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Greenville County; Zackry A. Alkhalil; ) | |
| Wanda D. Brock, a/k/a Wanda D. ) | **O R D E R** |
| Simpson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

At the time of the underlying events, Plaintiff James Patrick Arnold was detained at the Greenville County Detention Center in Greenville, South Carolina. Plaintiff, appearing pro se, brought this action under 42 U.S.C. § 1983 against Greenville County and two store owners whom he claims falsely accused him of burglarizing their establishment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On February 2, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the case be summarily dismissed because (1) Defendants Alkhalil and Brock did not act under color of state law; and (2) Greenville County is not a proper party because it has no authority over the state court judicial system, nor is it responsible for the operation of the Greenville County Sheriff's Department. Accordingly, the Magistrate Judge recommended that the action be dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff filed a response to the Report on February 7, 2006, in which he "thank[ed] the clerk's office in advance" and "acknowledge[d] the error of [his] complaint." Entry 6, p. 1. Plaintiff appears to desire to amend his complaint to substitute the State of South Carolina as a Defendant.

As the Magistrate Judge noted, a § 1983 claim under Heck v. Humphrey, 512 U.S. 477 (1994), would need to be brought against the proper party defendants and contain allegations specifically relating to those defendants. However, the State of South Carolina is immune from suit in federal court under the Eleventh Amendment and is not a proper party.

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

March 14, 2006

Columbia, South Carolina

2

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**